IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
-------------------------------------------------------------------X
ICC INNOVATIVE CONCEPTS CORPORATION,  :
and LEH CHU ENTERPRISE CO., LTD.,       :
                                   :      Civil Action No.
       Plaintiffs,               :      06-cv-01344
                                   :
             v.               :      FIRST AMENDED
                                   :      COMPLAINT
NEBO PRODUCTS, INC., and ALLIANCE      :      AND
SPORTS GROUP, L.P.                  :      DEMAND FOR
                                   :      JURY TRIAL
       Defendants.             :
-------------------------------------------------------------------X


Plaintiffs ICC Innovative Concepts Corporation and Leh Chu Enterprise Co., Ltd., by and through their attorneys, state the following as their complaint against Defendants NEBO Products, Inc. and Alliance Sports Group, L.P.:

## THE PARTIES

1.      Plaintiff ICC Innovative Concepts Corporation ("ICC") is a corporation duly organized and existing under the laws of Delaware, and having a principal place of business and offices at 83 Putter Lane, Torrington, Connecticut, 06790. Plaintiff ICC is in the business of distributing and selling tools and related products, including rechargeable flashlights that may be recharged by an electrical generator, which is contained within the body of the flashlight and which generator may be cranked by a crank handle mounted on the housing of the flashlight.

1

2.      Plaintiff Leh Chu Enterprise Co., Ltd., ("Leh Chu") is a corporation created under the laws of Taiwan, and having its principal place of business at 8F-2, No. 60-2 Taichung Industrial Park 1st Rd., Shitun Dist. 407 Taichung, Taiwan. Plaintiff Leh Chu is in the business of manufacturing and selling tools and related products, including rechargeable flashlights that may be recharged by an electrical generator, which is contained within the body of the flashlight and which generator may be cranked by a crank handle mounted on the housing of the flashlight.

3.      Upon information and belief, Defendants NEBO Products, Inc. and Alliance Sports Group, L.P. are corporations organized and existing under the laws of the state of Texas and having their principal place of business at 602 Fountain Parkway, Grand Prairie, Texas, 75050.

4.      Defendants manufacture and/or export from and/or import into the United States and/or distribute and/or sell rechargeable flashlights that may be recharged by an electrical generator, which is contained within the body of the flashlight and which generator may be cranked by a crank handle mounted on the housing of the flashlight.

## JURISDICTION

5.      Jurisdiction is founded on the existence of a federal question arising under the Copyright Act of 1976.  The Court has exclusive jurisdiction under the

2

Judicial Code, 28 U.S.C. §§ 1331 and 1338(a) in that this case arises under the copyright laws of the United States, 17 U.S.C. § 101 et seq., as discussed below.

6.     Jurisdiction is also based on diversity of citizenship, 28 U.S.C. § 1332, as the defendants are Texas corporations with their principal places of business in Texas, Plaintiff ICC is a Delaware corporation with a principal place of business in Connecticut and Plaintiff Leh Chu is a Taiwanese corporation with its principal place of business in Taiwan.

7.     This is also an action for patent infringement arising under the Acts of Congress relating to patents, 35 U.S.C.  §§ 271; 281-285.  This court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8.     This is also an action for trade dress infringement.  The Court has jurisdiction of the federal trade dress claims under Section 43(a) of the Trademark Act of 1946, 15 U.S.C. §§ 1121 and 1125, and the Judicial Code, 28 U.S.C. §§ 1331  and 1338(a) in that this case arises under the trademark laws of the United States, 15 U.S.C. § 1051 et seq., as discussed below.

9.     Jurisdiction exists over related common law claims of unfair competition herein under the provisions of 28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the copyright laws, 17 U.S.C. § 101 et seq., and/or trademark laws of the United States, 15 U.S.C. § 1051 et seq. and/or the patent laws of the United States 35 U.S.C. § 101 et seq.

3

10.     The Court has jurisdiction over related claims arising under the law of the State of Texas under the provisions of 28 U.S.C. § 1338 in that said claims are joined with a substantial and related claim under the copyright laws of the United States, 17 U.S.C. § 101 et seq., and/or the trademark laws of the United States, 15 U.S.C. § 1051 et seq. and/or the patent laws of the United States, 35 U.S.C. § 101 et seq., and further jurisdiction under 28 U.S.C. § 1367 in that said claims are so related to claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

11.     Venue is based on 28 U.S.C. §§ 1391(c) and 1400(a).

## COUNT ONE

### (Copyright Infringement)

12.     As a cause of action and ground for relief, Plaintiffs allege and incorporate by reference Paragraphs 1 through 11 of this Complaint as a part of this Count.

13.     Plaintiff Leh Chu created an original sculptural work of art, which includes, without limitation, non-functional sculptural and graphic surface features as part of the sculptural and graphic design of a flashlight housing (hereinafter the "Work").   Images of the Work are annexed as Exhibit "A".

14.     The Work comprises creative material which originated with Plaintiff Leh Chu and is copyrightable subject matter under 17 U.S.C. § 101 et seq. of the Copyright Act of 1976.

15.     Plaintiff Leh Chu is the owner of the exclusive rights to the aforementioned copyrightable material and all rights and privileges in and to the Work (the "Copyright").

16.     Plaintiff Leh Chu filed an application for a copyright registration pertaining to the Work on August 25, 2006.  This application is expected to mature into copyright registration, effective as of the filing date of August 25, 2006.

17.     Defendants have infringed and are infringing, and, if not preliminarily and permanently enjoined by this Court, will continue to infringe, the Copyright by manufacturing and distributing flashlights embodying the Work, publishing the Work, displaying images of the Work, and/or causing the Work to be displayed and distributed without the permission of Plaintiff Leh Chu.  Images of Defendants' flashlights are annexed as Exhibit "B," and images evidencing the striking similarity between the Work and Defendants' flashlight are annexed as Exhibit "C".

18.     Defendants' actions constitute willful, wanton, malicious and intentional infringement of Plaintiffs' rights, including, without limitation, infringement of the Copyright.  The circumstances of such infringement warrant finding the infringement referenced above to be an exceptional one.

19.    The aforementioned activities of Defendants violate the rights of Plaintiffs, including, without limitation, Plaintiff Leh Chu's rights under 17 U.S.C. § 101 et seq., and cause them damages.

20.    Such damages include, without limitation, lost profits, and/or royalty income, and/or convoyed sales.  Furthermore, Defendants have been unjustly enriched by such infringement, on account of profits and or/convoyed sales.

21.    As a direct and proximate result of these acts of copyright infringement by Defendants, Plaintiffs have sustained and will continue to sustain irreparable damage and injury to their business, goodwill, reputation and profits, in an amount not presently known, but, upon information and belief, are in excess of $9,000,000.

22.    By reason of the acts of Defendants herein alleged, Plaintiffs have been damaged and, unless restrained, Defendants have and will continue to damage Plaintiffs, deceive the public, impair the value of Plaintiff Leh Chu's products and Plaintiff ICC's services, and otherwise cause Plaintiffs immediate and irreparable harm.

## COUNT TWO

### (Patent Infringement)

23.    As a cause of action and ground for relief, Plaintiffs allege and incorporate by reference paragraphs 1 through 22 of this complaint as a part of this Count.

6

24.    Plaintiff Leh Chu is the owner, as an assignee of Wen Sung Lee, of all rights under United States Patent No. 6,959,999 entitled "Flashlight Having Manual Charging Device" (the "'999 Patent").

25.    Plaintiff Leh Chu is also the owner, as an assignee of Wen Sung Lee, of all rights under United States Patent No. 6,808,290 entitled "LED Flashlight Assembly" (the "'290 Patent").

26.    On November 1, 2005, the '999 Patent was duly and legally issued to Plaintiff Leh Chu, as assignee of Wen Sung Lee.  A copy of the '999 Patent is attached as Exhibit "D".  Plaintiff Leh Chu is the owner by assignment of all rights under the '999 Patent, including the right to bring this action against Defendants as infringers of the '999 Patent.

27.    On October 26, 2004, the '290 Patent was duly and legally issued to Plaintiff Leh Chu, as assignee of Wen Sung Lee.  A copy of the '290 Patent is attached as Exhibit "E".  Plaintiff Leh Chu is the owner by assignment of all rights under the '290 Patent, including the right to bring this action against Defendants as infringers of the '290 Patent.

28.    Defendants have manufactured, used, sold, and/or offered for sale in the United States products that infringe the '999 Patent and/or the '290 Patent (the "Patents").  See Exhibit B (images of Defendants' products that infringe the Patents).

29.    Plaintiff Leh Chu has never authorized Defendants at any time to make, use or sell any products covered by the Patents.

30.    Plaintiffs have been damaged by Defendants' infringement of the Patents.  Plaintiffs' damages include, without limitation, lost profits, and/or royalty income, and/or damages on account of convoyed sales.  Furthermore, Defendants have been unjustly enriched by such infringement, on account of profits and/or convoyed sales.  Plaintiffs have also suffered irreparable harm by Defendants' infringement of the  Patents and will continue to suffer irreparable harm in the future unless Defendants are preliminarily and permanently enjoined from infringing the Patents.

31.    Defendants have had actual and/or constructive knowledge of the Patents, and their infringement of the Patents has been, and continues to be, willful, wanton, malicious and deliberate.  The circumstances of such infringement warrant finding the infringement referenced above to be an exceptional one.

## COUNT THREE

### (Design Patent Infringement)

32.    As a cause of action and ground for relief, Plaintiffs allege and incorporate by reference paragraphs 1 through 31 of this complaint as a part of this Count.

33.     Plaintiff Leh Chu is the owner of all rights under the United States Design Patent No. D 520,160 S, entitled "Flashlight Device" (hereinafter, the "Design Patent") drawn to an ornamental design for a flashlight.

34.     On May 2, 2006, the Design Patent was duly and legally issued to Plaintiff Leh Chu, as assignee of Wen Sung Lee.  A copy of the Design Patent is attached as Exhibit "F".  Plaintiff Leh Chu is the owner by assignment of all rights under the Design Patent, including the right to bring this action against Defendants as infringers of the Design Patent.

35.     Defendants have manufactured, used, sold, and/or offered for sale in the United States products that (a) embody the sculptural and graphic design of the flashlight illustrated in the Design Patent, and (b) infringe the Design Patent.

36.     Plaintiff Leh Chu has never authorized Defendants at any time to make, use or sell any products covered by the Design Patent.     Plaintiffs     have been damaged by Defendants' infringement of the Design Patent.   Plaintiffs' damages include, without limitation, lost profits, and/or royalty income, and/or damages on account of convoyed sales, and the Defendants have been unjustly enriched by such infringement, on account of profits and/or convoyed sales. Plaintiffs have also suffered irreparable harm by Defendants' infringement of the Design Patent and will continue to suffer irreparable harm in the future unless

Defendants are preliminarily and permanently enjoined from infringing the Design Patent.

37.     Defendants have had actual and/or constructive knowledge of the Design Patent, and their infringement of the Design Patent has been, and continues to be, willful, wanton, malicious and deliberate.   The circumstances of such infringement warrant finding the infringement referenced above to be an exceptional one.

## COUNT FOUR

### (Federal Unfair Competition)

38.     As a cause of action and ground for relief, Plaintiffs allege and incorporate by reference paragraphs 1 through 37 of this complaint as a part of this Count.

39.     Plaintiffs, long prior to the acts complained of herein, have been and are now engaged in interstate commerce and/or the foreign commerce of the United States by virtue of the ongoing sales of a wide and diverse line of tools, and other related products, including the crank-rechargeable flashlights having the design of the flashlight illustrated in Exhibit A, and variations thereof ("Infringed Products"), which are the subject of this litigation.

40.     The Infringed Products have been sold in great numbers for many months and continue to be extensively sold.

10

41.    The sculptural and graphic design of the Infringed Products (hereinafter, the "Trade Dress"), namely their sculptural configuration and/or graphic tone design features, are a protectable trade dress under §43(a) of the Lanham Act, which has been infringed by Defendants (see Exhibit "B" (images of Defendants' infringing products) and Exhibit C (images depicting the confusing similarity between the Trade Dress of the Infringed Products and the appearance of the infringing products)) and continues to be infringed on account of Defendants' sale in commerce of piratical copies of Plaintiff Leh Chu's crank-rechargeable flashlight products.   Plaintiffs derive substantial benefits from selling products bearing the Trade Dress.

42.    Plaintiff Leh Chu's crank-rechargeable flashlights include the following elements: (i) an overall curved non-cylindrical body shape, (ii) a pearlescent silver painted tool body, (iii) an actuator button on top, (iv) a band disposed around the actuator button, (v) a pair of side grip-like members with an ornamentally configured shape, (vi) a bottom crank, (vii) a recessed crank handle, (viii) a pair of side lens portions, and (ix) a flattish appearing top curved surface.

43.    The Defendants' products also have the following elements: (i) an overall curved non-cylindrical body shape, (ii) a pearlescent silver painted tool body, (iii) an actuator button on top, (iv) a band disposed around the actuator button, (v) a pair of side grip-like members with an ornamentally configured shape,

11

(vi) a bottom crank, (vii) a recessed crank handle, (viii) a pair of side lens portions, and (ix) a flattish appearing top curved surface.

44.     Plaintiffs have used and continue to use this distinctive Trade Dress and, by virtue of widespread sales, the Trade Dress has come to indicate origin with Plaintiff Leh Chu and distribution by Plaintiff ICC.  Plaintiffs, by virtue of said use on the goods, and through Plaintiffs' business standards, have obtained a reputation of the highest quality.  Such reputation has given Plaintiffs and the Infringed Products and other products a preeminent position in the marketplace.

45.     The design of the Infringed Products itself, namely its configuration, is a protectable trade dress under §43(a) of the Lanham Act, which has been infringed by Defendants and continues to be infringed on account of Defendants' sale in commerce of Defendants' product.

46.     Plaintiffs have incurred great expense and have devoted substantial resources to make the Infringed Products famous and readily recognizable to consumers.  Plaintiffs' investments and efforts have been successful as the Trade Dress has become highly distinctive in the marketplace and denotes to purchasers a line of goods which originate with Plaintiff Leh Chu and/or are distributed by Plaintiff ICC.

47.     Upon information and belief, long after Plaintiff Leh Chu's creation, adoption and use and Plaintiff ICC's distribution of the Infringed Products,

12

Defendants, with actual and/or constructive knowledge of Plaintiff Leh Chu's Trade Dress of said Infringed Product, without any authorization from Plaintiff Leh Chu, and in contravention of Plaintiff Leh Chu's trade dress rights, adopted and used a product configuration for their crank-rechargeable flashlights calculated to capitalize on the goodwill and reputation of  Plaintiff Leh Chu's Trade Dress. Defendants had as their objective to mimic the distinctive elements of the Trade Dress as a means for unfairly taking advantage of and profiting from  the Infringed Products' image and Plaintiffs' reputation in the marketplace by means of the sale of Defendants' copycat flashlights.  Defendants have distributed, and continue to distribute in interstate commerce to the public, copycat flashlights bearing an infringing derivative version of the distinctive features and layout of the Infringed Products' Trade Dress for Defendants' own commercial advantage.

48.    Defendants have used and continue to use derivatives, and/or colorable imitations of Plaintiff Leh Chu's Trade Dress in direct competition with Plaintiffs.  Defendants have used and continue to use these infringing derivatives and/or colorable imitations of Plaintiff Leh Chu's Trade Dress in connection with sales, offering for sale or distribution, advertising and promotion of goods in a manner that is likely to cause confusion or mistake or to deceive purchasers as to the source of origin of such goods.

49.     Defendants have deliberately misled and will continue to mislead purchasers, and prospective purchasers, as well as the public at large, to believe, contrary to fact, that Defendants' goods are manufactured, marketed, sponsored or endorsed by, and/or affiliated with Plaintiffs.  Defendants are unfairly competing with Plaintiffs by trading on and disparaging Plaintiffs' goodwill symbolized by their Trade Dress.   Defendants are unfairly competing with Plaintiff ICC by disparaging ICC's rights to sell Plaintiff Leh Chu's products.

50.     Defendants' acts are a false description and representation that said goods are made by, sponsored by and/or affiliated with Plaintiff Leh Chu or Plaintiff ICC.  Said acts are in violation of 15 U.S.C. § 1125(a) in that Defendants have used, in connection with goods, a false designation of origin and a false description and representation, including words, reproductions and other symbols tending to falsely describe or represent the same and have caused such goods to enter into interstate commerce, and/or are in violation of §43(a) of the Lanham Act as constituting dilution of the Trade Dress and rights and profits relating to it.

51.     As a direct and proximate result of these acts of unfair competition, trade dress infringement and false designation of origin, Plaintiffs have sustained and will continue to sustain monetary damages and irreparable injury to their business, goodwill, reputation and profits, in an amount not presently known but believed to be in excess of $9,000,000.   Plaintiffs are entitled to judgment for

14

Defendants' profits and any damages sustained by Plaintiffs in consequence of the deliberate nature of the infringement by Defendants in an amount equaling three times said damages.

52.     By reason of the acts of Defendants herein alleged, Plaintiffs have been damaged and, unless restrained and enjoined preliminarily and permanently, Defendants have and will continue to deceive the public, and otherwise will cause Plaintiffs immediate and irreparable harm.

## COUNT FIVE

### (State Law--Unfair Competition)

53.     As a cause of action and ground for relief, Plaintiffs allege and incorporate by reference paragraphs 1 through 52 of this complaint as a part of this Count.

54.     Defendants' acts, complained of above, constitute violation of Plaintiffs' rights under the common law and statutory law of several states.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

a.      A judgment that Plaintiff Leh Chu's copyrights are valid and have been infringed by Defendants, and that the Patents and the Design Patent are valid and that Defendants have infringed the Patents and the Design Patent;

15

b.     A preliminary injunction enjoining and restraining Defendants, their officers, directors, agents, servants, employees, attorneys and all others acting under or through them, directly or indirectly, from further infringing Plaintiffs' rights;

c.     A permanent injunction enjoining and restraining Defendants, their officers, directors, agents, servants, employees, attorneys, and all others acting under or through it, directly or indirectly, from further infringing Plaintiffs' rights;

d.     A judgment and order requiring Defendants to pay damages under 35 U.S.C. § 284, with prejudgment interest;

e.     A judgment and order trebling the damages payable by Defendants, pursuant to 35 U.S.C. § 285;

f.     A preliminary and final injunction restraining Defendants, their agents, servants, employees, successors, assigns and those in privity and/or concert with them from infringing copyrights, patents and design patents of Plaintiff Leh Chu, and from using Plaintiff Leh Chu's products, product designs, trademarks, or any other designations closely similar thereto;

g.     An order requiring Defendants to recall from their distributors, wholesalers, retailers and customers any product bearing any

16

reproduction, counterfeit, copy or colorable imitation of the trade dress, or infringing the copyright rights of Plaintiff Leh Chu, or infringing the Patents, or infringing the Design Patent;

h.   An order requiring Defendants to account to Plaintiffs for any and all profits derived by Defendants from the sale of their goods and for all damages sustained by Plaintiffs by reason of the acts of copyright infringement, trademark infringement, trade dress infringement and unfair competition complained herein;

i.   A judgment according to the circumstances of the case, for such sum above the amount found in actual damages, but not to exceed three times such amount, as the Court may deem just;

j.   An order requiring that all relevant products, documents, materials, labels, signs, products, packages, wrappings, receptacles and advertisements in Defendants' possession or control bearing the designs or any reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same shall be delivered up and destroyed;

k.   A judgment and order directing Defendants to pay the costs of this action (including all disbursements) and attorneys' fees; and

17

l.    Such other and further relief as this Court may deem just and

equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all issues so triable.


Dated:  January 11, 2007
          New York, New York




                                   By:    /s/
                                        Anthony H. Handal (CT-03837)

                                        Brown Rudnick Berlack Israels, LLP
                                         Seven Times Square
                                        New York, New York 10036
                                        Attorneys for Plaintiffs